Good morning, Your Honors. My name is Mary Ellen Baldridge, and I represent the claimants in this forfeiture action, Jolene Gaus Graham, who is the owner of the property, and Mr. Valentino and Mr. Steckel, who are the lenders who advanced the sums to purchase the property. Jolene Gaus, she has remarried. Her name is Graham, but I will continue to refer to her as Mrs. Gaus, since that's the way it is in all of the papers. Mrs. Gaus is here today in the audience to watch this case because the forfeiture of her property involves her home, the home of her family and her business. It's extremely important to her that she understand why the district court determined that because she was misled by a real estate agent that she put her trust in and believed when she was told that there were no legal impediments to buying this property. When she did what a normal buyer would do, which was open an escrow, obtain a loan, have title insurance issued showing no liens, no forfeitures, no claims against the property. It's part of the source of the problem, yes. If the title search had found the Lisbondons, I probably wouldn't be here today, yes. But that was an error by the title company, not by Mrs. Gaus or by the lenders. It does not guarantee that the government won't take the property away from you. It does not pay you for any of your worry about whether the property is going to be taken away from you. It does not pay you for your loss of business because you can't be sure whether you're going to have the property. It's not true, but it's probably not very relevant. If the other side were anybody but the government, you probably wouldn't waste time making the argument. Now, it is fair to say that we could expect more from the government, and the government might not be allowed to proceed with forfeiture in these circumstances. But if that was some private lien and the title company missed it, the private lien holder would have a right to proceed. End of story. But they are not deprived of the right to show their innocent purchasers because there was a mistake made by the government. And the government should have the right to show their innocent purchasers. The issue is not whether or not they should be held to the standard of California law on race notice and clearing of titles. The purpose of the California law is to make sure that the claimants are innocent purchasers and lenders. The purpose of the California Liz Pendent statute is to assure free traffic in property and to ensure the sale of property and to give people some surety that when they buy property, they've done a title search, they've checked the record, that there will not be a lien that will pop up later. That is the purpose of it. If you're speaking of a lien, Liz Pendent's isn't really a lien. It's notification that an action is pending. It could result in your loss of the property. But is there anything more than that? It's not. It's notification, yes. It does not confer title on the party that recorded the Liz Pendent's. Right. It's just notice that there is potential claim. It puts that party first in line. If they prevail. Yeah, if they prevail. If they don't prevail, then they're not first in line. But if you take... If that party prevailed, it's the government we're dealing with. The problem... What I understand is the government filed a Liz Pendent's. Let's assume the government prevailed. So the government is ahead of that purchaser because the purchaser had constructive notice that this lawsuit was there. And that if the party was successful and it's a lawsuit that involves the property, you just can't put a Liz Pendent's on unless the property is involved. And I don't understand why the title company just wouldn't pay off the government. You're assuming that the government is not asking for more than the title company is liable for. Well, how much is the title company liable for? The purchase price of the property, which was in 2002, and there's been a significant increase in the equity, and the government wants the equity. So it was $160,000. Mrs. Gauss has a title policy for $160,000. Well, that was the purchase price, $160,000. Correct. Right. There's a title policy for the lenders of $116,000. But since they cover the same loss, it's not that it will be double stacked and it will be $270,000. I'm not very good at adding. I believe that the lender's policy is $116,000. That doesn't mean that there will be $176,000. It won't go over $160,000 total. Yes, $160,000 total is my understanding. And the property has gone up in value. So Mrs. Gauss will not walk away free because there's title insurance. And I don't think that's a proper method. I think that's what the district court also took into account. There's title insurance. Why don't they pay for it? What about the innocent purchaser? What about a person who buys property, doesn't know that there is an innocent purchaser? Because they're, you know, have constructive notice of the list pendants. This Court has previously ruled that constructive notice is not sufficient in and of itself to defeat or to show knowledge. The point you were making earlier was that what we're interpreting here is a Federal statute. Correct. Which is entitled, intended to make it more difficult for forfeiture, more fair, and that innocent owner is not necessarily the same as you would find on a recording statute. So the question is, is that innocent owner, as I understand your point of view, is whether she had actual knowledge of this. Of forfeiture. Not, excuse me. The problem is that if she had known about the list pendants, that gives her notice of the government's claim. So it's a separate issue from whether she should have known there was a marijuana operation going on there. I mean, I understand your argument that knowing that in the past there may have been some drug activity that was attributed to a tenant and so forth, there is a jump there to get to forfeiture. But the list pendants presents no jump whatsoever, because that is a statement by the government. We're proceeding with forfeiture. And that puts someone who knows that, if there's actual knowledge, on notice that there's this claim out there that presumably suggests you better look real carefully before you proceed. And what makes it so difficult is that the person that is supposed to take the hit, he gets away with the money because he sold the property because the title company didn't pick up and tell the world that there's this problem that needs to be looked at. And so it's there's no happy resolution here. The person that should lose isn't in the room anymore because the title company didn't stop them from leaving the room. He's not in the room also because the government let him out on bail, let him for months and months and months without any indication on the property, without any way that someone going to the property would be able to tell, let him hire a broker who then misleads people into saying that this property has no legal problem, you can buy it. The government is also at fault. I don't think the title company is the only one at fault. And I don't think it can all be put on the title company. I don't think that's the issue. And going back to the Federal statute, I don't see how a California, Liz Pendens, gives actual notice. It is a fiction. California courts don't. Kennedy. But is it sufficient to block you from having BFP status? No, it isn't. Under the Federal statute. The Federal statute. Under the California property law, which is what we have to look at for the Liz Pendens statute, doesn't California property law provide that the Liz Pendens serves as constructive notice to the world? If you're going to look at Liz Pendens' law in total, I question whether or not the government is even entitled under the California law to record a Liz Pendens. They don't have title. You are limited in what you can do in recording Liz Pendens. The Supreme Court, California Supreme Court case on Lewis makes it clear. You can't just say, well, I have a claim to that property. I think it should come to me, and therefore I'm going to record a Liz Pendens. It's a nullity. It doesn't exist. The government didn't have and would not have any property interest until it gets a judgment. It was not entitled to record a Liz Pendens. So there is no notice because it was a nullity. I think that's covered in our reply brief. We didn't cover it in the opening brief because the district court didn't rely on the Liz Pendens in its ruling. And so we didn't address it until it was brought up in the opposing brief. Excuse me. I'd like to address the point that you make, that you have to rely on California, Liz Pendens law and California law as the BFPs in order to determine whether or not it's a BFP in this case. I think that's a misreading of the statute because the statute is two-part. And the government has used the term. I think you have something there. And the second part relates specifically to the knowledge element. Right. The first part relates, appears to relate more to value, but it does use the phrase BFP, which in its ordinary usage encompasses knowledge as well. I'm sure you understand courts, lawyers, everybody tends to use the shortened version. The correct terminology for California law is bona fide purchaser without knowledge. It doesn't, it doesn't just, so there's a two-part test in the Federal statute, whether you're a bona fide purchaser or lender. That was put in by Congress because they wanted to avoid the situation where the criminal would hand off the property to a relative. So they made a burden that you have to show you gave money. In this case, there's absolutely no question. Mrs. Gauss sold her house, used the equity, and took out a loan. It was all good money. There's no question. The second half of the test is did not know and was reasonably without cause to believe. I don't believe the constructive notice fits that. I think that did not know and was reasonably without cause to believe requires knowledge, actual knowledge, not constructive knowledge. And going back to the state law, the state law says this constructive knowledge is a fiction, and it is limited in its use. It's strictly limited in its use. It's not supposed to be used for other purposes. And that's what is being done here. Essentially, if you hold that the government can just file a list of pendants, you have wiped out the innocent purchaser defense. When are you ever going to have an innocent purchaser defense? Well, you probably won't because people will be on notice. Because if you've done the prudent thing and gotten a title search and gotten title insurance and the title of somebody has his job, then you're going to know about the existence of the claim, and you won't go forward. So you won't have the innocent owner. Then why do you have the statute? Well, because some circumstances you may have seizures that don't involve real property where you don't have a list of pendants alternative. I don't think that you can use anything other than a two-part test in determining whether or not these parties had notice. The statute has no purpose if you decide that the first instance, if you have constructive notice, you're not a bona fide purchaser, and therefore you can never qualify for innocent status. I also don't believe that there is any reason to overturn at least two opinions of this court which hold that a list of pendants is not sufficient in and of itself to support a summary judgment against the claimant. I'm not sure. I guess I don't have any time. I was going to reserve two minutes, but I forgot. We'll give you the time. Don't worry about that. I would reserve two minutes. All right. May it please the Court. I am Victor A. Rogers, and I am appearing on behalf of the United States of America to address the issue of the first, the bona fide purchaser element. Let me ask you, what is unsettling about this case is that there appears to be no dispute whatsoever that the current owners, lenders of the property had anything to do with the unlawful conduct. Correct. Isn't the government overreaching here? Let me, that is a good question, and let me point out, without getting into confidential settlement negotiations in connection with the matter, the substance of those negotiations, before this case went forward with a single deposition, the government understood the title company made a mistake, that the title company should have picked up the government's recorded list pendants. And at that point, the government went forward and acted, personally, I acted as reasonable, as reasonably as the government could towards the title company. Let me keep you away from the discussions. Has this case been part of our Court's mediation program? It has been part of the mediation program, and the government also went through a very long mediation session in Federal court before filing a summary judgment motion, in district court, before filing a summary judgment motion or taking a single deposition, and the whole of this case would be resolved. And the issue here is Ms. Gauss' protection is provided by title insurance. I think in the reply brief I noted that there was a question by the title company as to whether or not there would be title coverage based upon the district court's conclusion that Mrs. Gauss' actual knowledge was the basis for its finding as opposed to the list pendants. I suggest that the appropriate decision is that the list pendants provides constructive notice which disqualifies the claimant from being bought by purchasers. The claimants talked about the issue of the second prong. We have this case. Round Hill? Yeah. Round Hill Drive. Let me explain why there's no reason to overrule that. Notice of list pendants does not on its own preclude an innocent owner defense to forfeiture. Absolutely. Notice of list pendants imparts constructive knowledge that property at issue is subject to a lawsuit, but it does not necessarily impart knowledge of the previous owner's illegal acts. It's a pretty good panel. I think Kuczynski was on it a long way. I forget. A real judge, you know. And in the subsequent case, Kuczynski broke it. Here's the panel. Make a note of this. Lay, Preggerson, and Hawkins. Were those guys ever really judges? I mean, did you see their commissions? Yeah. It was an esteemed panel, and it reached the right decision. But the reason that I am arguing here that this Court need not overrule Round Hill is it applied. What about that language? It applied a different statute. What? It applied a different statute, a different innocent owner statute. It applied the innocent owner statute that was in existence prior to August 23, 2000. In August 20 — cases filed after August 23, 2000 are governed by the Civil Asset Reform Act of 2000, also known as CAFRA. In CAFRA, the innocent owner statute was changed to require that parties show that they are bona fide purchasers. So in Round Hill, which is still good law for pre-CAFRA cases, the standard is still actual notice. But post-CAFRA, looking at the bona fide purchaser element, post-CAFRA cases require a showing that an innocent owner had neither actual or constructive notice because that is what a bona fide purchaser is. And if I could — Well, I don't know about that. Well, when you look at the purpose of CAFRA, this certainly doesn't justify a restriction, as you've stated, by the meaning of bona fide purchaser. Don't you think what CAFRA was trying to do was to prevent someone from giving it off to a relative to do something for some small amount of money and so forth, to prevent that? And then in number two, it talks about actual knowledge. So I just wonder why have two if you have — Let me answer that question. I think I can. In other words, the claimants have argued that the second prong, if you construe the first prong, as I suggest it should be construed, the second prong is just superfluous. Because the second prong, remember, has a subjective and an objective reasonable person standard. The subjective standard is the did-not-know portion of the statute. And the objective standard is reasonably without cause to believe the property had once been used for drugs. Let me give you an example as to why those two prongs are not superfluous. And they are — they can potentially raise different issues. Invert the facts of this case. In other words, assume that the claimants had recorded their deeds before the government recorded its deeds against real property. In that circumstance, and also assume further that there were enough objective characteristics of the property by a tour or by conversations that a reasonable person, upon viewing the property, would have known it was once — it had once been used for drugs. If you assume those facts, the claimants in that situation would be bonafide purchasers because they recorded their deeds prior to the time the government recorded its deed. So the claimants would not lose under the first prong. But they could not be bonafide purchasers under the second prong because they would not meet the reasonable person test because the objective characteristics based upon a review or a tour of the property would suggest to a reasonable person that the property had once been used to grow drugs. So the two prongs are really not superfluous.  Well, I mean, how would you know that? You're talking about that did not know and was reasonably without cause to believe. Correct. I was trying to address the question as to why the two prongs were different. And in particular circumstances, the hypothetical that I posited, the claimants would be bonafide purchasers. They would not have any actual or constructive notice of a government slain because the government recorded a slain later. But I'm just assuming for the moment that there were enough indicators on the property that a reasonable person, and I'm not sure what those indicators would necessarily be, but a reasonable person would have cause to believe the property had once been used to grow drugs. But that's not quite the same thing. It's not knew the property was used for drugs. It's cause to believe the property was subject to forfeiture. And my answer to that question is 874 Garter Drive, the U.S. v. 874 Garter Drive, which we cited. It is not the question that somebody has to be a lawyer in essence and understand that the property was subject to forfeiture. All the individual has to know is that the illegal acts took place on the property. And in Garter Drive that we cited on page U.S. v. Gartel Drive, which we cited on page 32 of our brief, the Court held in that opinion. Well, that couldn't have been a CAFRA case. It was too old. Yes, but that is correct. But it still addresses the issue of what type of knowledge somebody has to have. It still addresses the issue of whether somebody has to have knowledge of the acts or have knowledge of the legal significance of the acts. Isn't this a new definition of innocent owner? It is, but it hasn't changed the issue of whether somebody has knowledge of acts or has knowledge of the legal consequences of the acts. It doesn't really address that issue. This case is still good law pre-CAFRA, post-CAFRA. It didn't address the issue of what a bona fide purchaser is. It addressed the issue whether or not somebody had the requisite knowledge to disqualify them for being an innocent owner. What is the purpose of the — excuse me. Go ahead. What is the purpose of the forfeiture statute? What is sought to be accomplished? In this instance, it is to prevent drug trafficking. In order to accomplish that inference. Isn't it more to take away from the felon who did the drug trafficking the proceeds of his illegal act? Absolutely. All right. Is that being accomplished here? It is being accomplished in this fashion. If the rule were otherwise, if the government could not protect itself pre-judgment by recording a list pendants, in order to stop drug trafficking, it would have to, in every case, seize property and eject the owner. In every case. I mean, that's the only way that an individual can go. No, no. I'm talking about the guy who was the drug trafficker. Yes. We're trying to deprive him of the proceeds of his illegal acts. Correct. Nothing about this forfeiture action does that. The only — what this forfeiture action does — But it does. It takes it away from someone who didn't know that drugs were being — action was being placed on the property. The way the government attempts to fight the war on drugs is to notify parties that property is subject to forfeiture. And I guess this is called collateral damage in the war on drugs, huh? Collateral damage is a good description. It's to record a list pendants to notify third parties that the property is subject to a government claim. And if criminals could avoid that by simply selling property after the list pendants was recorded, then they could easily defeat any ability of the government to successfully attempt to prevent drug trafficking and marijuana cultivation on property in a situation such as this, where there's a massive amount of drugs found on the law. What did the list pendants say? The list pendants specifically indicates that the government was seeking to forfeit the real property. And I know the Court has seen it at 181 and 182. In the claimant's excerpts on pages 181, 182, the list pendants indicates it referred to the property and indicated that the government was seeking to forfeit the real property. Why didn't you go after the proceeds that the felon himself got? I cannot speak to the record on that issue. But I can tell the Court where the government was because I was involved in the process. The government recorded a list pendants and went forward and served the list pendants and served it on who they thought was the owner of the property, which was the prior record owner for the government felt was engaged in these activities. And that occurred, I think, in approximately August or September of 2002. I was sitting down at my desk preparing what is known as motion for a default judgment because I had received no response to the government's complaint. We're going to take the property. And my typical practice before doing that is to conduct my own search of the record. And at that point in December of 2002, I found a recorded deed that had been recorded three weeks after the government recorded its deed. I had no idea. The government attempted to try and find the funds, but the government wasn't able to find the funds that the prior owner had obtained in exchange for the property. The government would have gone after those funds had it been able to do so. Kennedy, so then why don't you take the funds that the title company is coming up with? Without getting into settlement discussions, even before a single deposition was taken in this case, I tried very hard to accomplish that. Let me raise it. I understand you can't go very far there. Yeah, I can't. Let me try something else. Coming out of what you just talked about in terms of the timing, the list pendants or the notice was filed, I think it was September 3rd. And then I understand the escrow closes in the sale three weeks later. And then I've got a date in October when the now prior owner and lender is served and a date in January a few months later when notice was posted on the property, which is when the claimants say that they learned about this. Why did it take so long to post notice on the property? Does that raise any problem with compliance with the statute? I don't think that raises any issues with respect to that. The statute does require, in addition to filing the complaint, the service of the owner and the posting of the property. Right. Recall, all the posting of the property involves is to put a document, a piece of tape on the outside of a gate that indicates the property has been, is subject to forfeiture. But if that gets taped up there like the same time you file the complaint or within a couple of weeks after that, then we have a different factual scenario as well. Right. Absolutely. And I'm not sure that that posting did not occur until January. I think it probably occurred, although the record doesn't reflect this, it probably initially occurred when the prior owner was on the property. And I assume that the prior owner, since it's just a matter of taking a piece of tape off the property, probably just threw it away. Well, you can't assume anything. Well, that is correct. I do not know. How do you know it even went up? Well, it's not in the record. It's not in the record. I don't know any of that information. All I can speak to is my information with respect to how I personally acquired knowledge that the property had been thereafter sold. So the government was negligent as well. Well, quite frankly, it wouldn't make any difference, because this transaction occurred on September 26th. That was when the recording took place. So even if the government, even if you assume, for example, that this was a posting that had occurred in October or November, it would not have made any difference with respect to this issue. I'm not going to get into the issue of the actual knowledge question, because I don't think it's necessary to address that. I think the bona fide purchase issue stands on its own, and I think that I'm not asking the court to reverse its round-hill decision. I'm trying to make this clear in my mind. You don't think that if you posted the property and these folks came on and looked at the property, they wouldn't have learned about this problem with the property, the forfeiture and drugs and all that? No. I am saying that it would have had to have been posted before September 26th, which is three weeks after the government recorded its lis pendens. And I don't think there's any requirement that posting take place within three weeks of the filing of a complaint. Why wouldn't it be posted at the same time as filed? Oh, it isn't. It isn't typically. Just like a lis pendens isn't recorded at the same time a complaint is filed, because you have to submit to the recorder's office the documents that you have filed. The posting would not normally take place at the same time the complaint was filed. Sometimes it could take place, you know, months after the complaint filing. Certainly. What does the statute say about posting? It doesn't set forth a time frame. I think it's 18 U.S.C. 985. It doesn't say that posting has to occur contemporaneously with the filing of the complaint. It usually isn't possible to do that typically. Because a complaint's filed in one jurisdiction, and then this property I think was located in a remote location in Anza. And I recall when I spoke with the agent about it, it took something like two hours to get to that remote location. So it's not possible to get that complaint and immediately file it, particularly since you – there is a lag typically. It would be a day or so. It could be, or it could be even – it probably would be even longer than that because of the recording issues. You just can't go down to the county recorder's office and say, here's the list pendants, record it? It usually takes a day or two to have that acknowledged. Record it? Yes. It doesn't get recorded. In this case, I think the complaint was filed on August 27th, and the list pendants was recorded on September 3rd. You can take it down there and say, record it right now. They'll do it for you. They're right across the street from your office. Yes. They are close. You could do it very, very quickly. Well, the government's grateful that the deed didn't – didn't – the transfer didn't pass in the days between the filing of the complaint and the filing of the list pendants. They have a different case then. That is correct. And, again, the way people protect themselves under California law – and the Court was correct. California law applies to determining whether or not someone is a bona fide purchaser under Federal statute. Oh, does it really? Yes. I'm not so sure that's true. Because we have a statute that is talking about bona fide purchaser, and that could well be very different from what a bona fide purchaser is under a recording statute. We're talking about an innocent – this is a statute that's designed to protect innocent owners, and it has two parts. One says bona fide purchaser, which under normal things would mean that value was paid and that – in good faith. In a situation with regard to who comes first in a recording statute, it's a very different policy matter than when you're trying to determine who was really an innocent owner. And a person who could, in good faith, pay money and so forth, qualify under bona fide purchaser, I would think, in order to avoid what the statute was designed to protect against, somebody handing it off to a relative, selling it for a tenth of what it's worth, things like that. That's item number one, in my opinion. Item number two, then, deals with the actual knowledge. And it seems to me that the Federal statute doesn't necessarily involve the recording statute of a particular State. I appreciate that, Your Honor, and I certainly understand that view. And I understand that the Supreme Court in Buena Vista, which indicated, held that a donee who did not pay any value could be an innocent owner. And that Buena Vista decision, which allowed innocent ownership for a donee, has certainly been overturned by CAFRA and the value. Can you tell – would you mind telling me why – why – what did the property sell for, for these folks? $160,000. $160,000. Yes. And the insurance went up to $160,000? I believe the title insurance is for that amount, yes. $160,000. I think insurance fully covers that issue. Why – is there – is the title company reluctant to pay the $160,000? Without getting into details, far less than that. Well, I'd like to know. I'd like to know what's going on in this case. Far less than that. Before seeing – What? The title company was unwilling to pay far less than that, even before a single deposition was taken. All I did was figure out what the value was at the sale, took out the lien, and said, here is the net, let's talk at that amount. And the response that the government received was a complete de minimis amount that I could not – the government could not accept. Well, why don't you just get subrogated to that insurance policy and go after the title company? The government in the forfeiture case is not in a position to do that. Why not? The government is not – cannot – I don't think that issue can be resolved for a number of reasons. The title company is taking the position that a list of pendants doesn't bar its claim, and so therefore there's a question as to whether or not there is full coverage. I think that is the incorrect position, but reasonable minds can disagree. I think the parties could have saved a lot of time and effort, and we tried very hard in a settlement conference that I think lasted a couple of hours in district court to get this resolved, but it did not occur. Well, if you had filed a list of pendants and posted the property at the same time, we wouldn't be here. Oh, I think that is not true. That's not true. I think that is not – I think we would still be here. If you posted the property at the same time, it would have been three weeks too early for claimants' purposes, I'm afraid. I mean, I think – I suspect – but, you see, posting the property, they would not have seen that. It would have been taken down by the previous owner. It would have been taken down. So their argument is that bona fide purchaser is different. And I know the Court has a different view of how you might – whether State law applies, but I would direct the Court to footnote 5 of the Hooper decision, the 2000 decision that describes what law applies in connection with determining the nature of a claimant's interest of real property, because I think that decision also refutes the only decision that the claimants offered, which was an unpublished district court of Massachusetts decision that relied on Fourth Circuit law. And in Hooper, the Ninth Circuit in footnote 5 said, even if the Fourth Circuit has a different rule, we have – we have to follow the Ninth Circuit rule, which is we look to State law to determine the nature and ownership interest a claimant has in property. I see my time is up, so. You've gotten your money's worth this morning. I have. Thank you, Mr. Chairman. Thank you. I know I've had my money's worth as well, so I'll keep it brief. Going to the settlement issue, I think there has – as there is with my client's interpretation of what happened and what the government said happened and what the district court said happened, I have a different opinion as to what has happened in the settlement process. The government had no representative at that settlement we had with the magistrate. It was just counsel. There was no one to discuss anything. He came with a number, and we had no settlement discussions. We did – Would your client be willing to participate in renewed settlement discussions or a mediation effort? I can't speak for my client, but I sure would – I'm for it. I was going to suggest that I maybe should call counsel's bluff because when we discussed settlement at this level, the government's position was they were entitled to the equity. It wasn't that they were entitled to $160,000. They were entitled to the equity, and that's more than $160,000. So I would be willing to call the government's bluff, and if I could have – I can't speak for the title company. I don't even represent the title company. I may be working for the title company, but I don't represent them. But if we could be given another – What do you mean? You're working for the title company? They pay my fees, but I do not represent the title company. I represent Jolene Gauss and the two lenders. The title company – What title company is this? United General Title Insurance Company. If we could have a short time where we could attempt to talk to, I believe it's a mediator again. She stated that we could come back to her at any time. If I could be given two weeks to try and get the settlement going again and report back to the court as to whether it would work or not, I'm willing to do that. How much is the property worth today? My client says half a million. The reason being that she's done a lot of work on the property, but more so, you know, the development. Prices are astronomical, and that area is growing exponentially. And that's what – she hasn't had it appraised at that, but I have seen her tax bills before the government – never mind. The tax has an assessment of close to that with all of the improvements and everything else. So we're not talking – We're not talking money. We're talking a person's home is what we're talking. I know that. I know that. And the problem with forfeiture is the judgment provides – first, the government wanted 30 days, and the court expanded to 60 to just get off the property. That's what you get with a forfeiture judgment. It seems to me that the real stubborn party here is that title company. I think that you have taken opposing counsel's representations about settlement farther than they should have been taken. I'm not taking anything, you know. I understand, Your Honor. I won't go away with any ideas that I'm taking anybody's position. Was the mediation in the – as a result of the district court at that level, or was the mediation at the circuit level? The district court judge directed this to the magistrate, and it wasn't really a mediation. It was more a settlement conference. We had a mediation program in San Francisco. Did you participate in that? Yes. We had a conference call. She gave up. I don't think it's unfair to say that the sides were too far apart. I think it's unfair to say that it's only the title company. But she did not think that it was going to be a good use of her time at that time. But she invited us to call her back and reopen them at any time. Okay. Is that all? Thank you. Okay.
judges: Hug, Pregerson, Clifton